IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD T. FURNACE,<br><br>    Plaintiff,<br><br>  v.<br><br>C. EMERSON; B. WOODS,<br><br>    Defendants. | No. C 19-7495 WHA (PR)<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT; STAYING AND REFERRING CASE TO PRISONER MEDIATION PROJECT**<br><br>(ECF No. 21) |

## INTRODUCTION

Plaintiff, a California prisoner, filed this pro se civil rights case under 42 U.S.C. § 1983 against two officials who worked at Pelican Bay State Prison. He claims that Defendants C. Emerson and B. Woods failed to adequately treat a painful tooth that was causing him "excruciating" pain when he ate hot or cold food. Defendants filed a motion for summary judgment, plaintiff filed an opposition, and defendants filed a reply brief. For the reasons explained below, the motion for summary judgment is **DENIED**.

## STATEMENT

Plaintiff claims that defendants did not adequately address a cracked filling in his tooth #15, which caused him to suffer pain for approximately seven months until it was fixed.

On May 17, 2019, a prison dentist (who is not a defendant) was treating a broken crown on plaintiff's tooth #2, and plaintiff reported pain in a different part of his mouth. The dentist discovered that plaintiff had cracked the filling in tooth #15. The dentist assigned tooth #15 a priority level three under prison regulations, which meant that it needed treatment within a year

(i.e. by May 17, 2020).

Plaintiff filed an administrative grievance on May 26, 2019, complaining that tooth #15 was causing him "daily pain" pain every time he ate hot or cold food, and requesting immediate treatment. Three days later, the grievance was assigned to defendant Emerson, the Supervising Dentist; ultimately, defendant Woods, the PBSP Chief Executive Officer, denied the grievance on July 24, 2019, finding the schedule for plaintiff's treatment consistent with prison regulations.

Plaintiff continued to complain of pain in the area of tooth #15, and on September 5, 2019, a dentist (a non-defendant) examined him and found a hole in tooth #14. The dentist added that problem to plaintiff's treatment plan for tooth #15, which remained a level three priority. Plaintiff then filed another administrative grievance asking when he would receive treatment for teeth #s 14 and 15. On November 9, 2019, Woods denied the grievance, finding only that the time-line for treatment of teeth #s 14 and 15 complied with consistent prison regulations.

On November 18, 2019, a dental hygienist cleaned plaintiff's teeth. On January 10, 2020, a dentist (non-defendant) fixed the problems in teeth #s 14 and 15 without complications.

**ANALYSIS**

**A.   STANDARD OF REVIEW**

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Material facts are those which may affect the outcome of the case. A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or

2

1  discovery, set forth specific facts showing that there is a genuine issue for trial.  If the
2  nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the
3  moving party wins.  *Celotex Corp.v. Cattrett*, 477 U.S. 317, 323 (1986).

4       At summary judgment, the judge must view the evidence in the light most favorable to
5  the nonmoving party: if evidence produced by the moving party conflicts with evidence
6  produced by the nonmoving party, the judge must assume the truth of the evidence set forth by
7  the nonmoving party with respect to that fact.  *Tolan v. Cotton*, 134 S. Ct. 1861, 1865 (2014).

8  **B.**    **DISCUSSION**

9       Plaintiff claims that defendants Emerson and Woods violated his Eighth Amendment
10 rights by failing to order better treatment for the cracked filling on his tooth #15.  Deliberate
11 indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription
12 against cruel and unusual punishment.  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  Serious
13 medical needs may include dental care.  *Hunt v. Dental Dep't.*, 865 F.2d 198, 200 (9th Cir.
14 1989).  A prison official is deliberately indifferent if he knows that a prisoner faces a substantial
15 risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.
16 *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The prison official must not only "be aware of
17 facts from which the inference could be drawn that a substantial risk of serious harm exists," but
18 he "must also draw the inference." *Ibid.*

19      There are triable factual issues as to whether Emerson and Woods were deliberately
20 indifferent to plaintiff's serious medical needs.  As early as May 26, 2019, plaintiff notified
21 Emerson and Woods in his administrative grievance that his tooth caused him daily pain
22 whenever he ate hot or cold food.  A "serious" medical need exists if the failure to treat a
23 prisoner's condition could result in the "unnecessary and wanton infliction of pain." *McGuckin*,
24 974 F.2d at 1059 (citing *Estelle*, 429 U.S. at 104).  There is no evidence that Emerson or Woods
25 provided any pain medication or ordered a different diet while he waited for his tooth to be
26 fixed.  A reasonable inference can be drawn, therefore, that plaintiff's "excruciating" pain when
27 he ate hot or cold food persisted for seven months untreated until a dentist repaired his tooth in
28

January 2020. Given their positions as the Supervising Dentist and Chief Executive Officer, respectively, a reasonable fact-finder could also conclude that Emerson and Woods had the authority to order pain medication or to advance the date of plaintiff's dental procedure. These facts, if proven true, would reasonably support the conclusion that defendants were deliberately indifferent to plaintiff's serious medical needs.

Defendant Emerson argues that he is not liable because he had only two interactions with plaintiff, neither of which involved tooth #15: he examined plaintiff for a broken crown on a different tooth (tooth #2) in April 2019, the month before a different dentist found the cracked filling on tooth #15; and on June 5, 2019, Emerson interviewed plaintiff about his administrative grievance (ending in number 0140) that concerned tooth #2. The records submitted by defendants and plaintiff show, however, that the administrative grievance (ending in number 0182) in which plaintiff complained about tooth #15 was assigned to Emerson as the Supervising Dentist on May 29, 2019. Defendants do not address the fact that this grievance was assigned to Emerson, let alone explain whether he read it. Whether Emerson knew about plaintiff's pain in tooth #15 is a triable factual question because a fact-finder could reasonably conclude that Emerson knew about and read the grievance in which plaintiff described the pain.

Defendants also argue that the care plaintiff received on tooth #15 was medically sound. They cite the evidence that the dentist who evaluated the tooth decided that it was a level three priority under prison regulations, meaning that it was not urgent and needed treatment within a year. Based on this evidence, defendants argue that treatment within seven months was well within the time-frame of proper care for the problem. This evidence only shows that plaintiff received appropriate treatment for fixing the filling, but it does not address the pain plaintiff felt while he waited for that fix. As discussed above, there is reasonably creditable evidence that plaintiff's pain was serious. Compliance with prison regulations is not equivalent to compliance with the Eighth Amendment if it meant that plaintiff spent seven months with serious and untreated pain. If plaintiff had received effective treatment for the pain while he waited for a dentist to fix the toot, the Eighth Amendment may not have been violated. Based

4

upon the evidence presented, however, there are triable factual issues related to whether defendants provided adequate treatment for plaintiff's condition.

Defendants are not entitled to summary judgment because there are triable factual issues pertaining to plaintiff's claim that they violated his rights under the Eighth Amendment.

## CONCLUSION

For the reasons set out above, defendants' motion for summary judgment is **DENIED**.

This case is **REFERRED** to Magistrate Judge Illman pursuant to the Pro Se Prisoner Mediation Program. All further proceedings in this are **STAYED** until further order, with the exception of any proceedings related to the mediation ordered below.

The mediation proceedings shall take place within 120 days of the date this order is entered. Magistrate Judge Illman shall coordinate a time and date for a mediation proceeding with all interested parties or their representatives and, within five days after the conclusion of the mediation proceedings, file a report. All mediation proceedings shall be confidential and no statement made therein will be admissible in any proceedings in the case, unless the parties otherwise agree. No part of the mediation proceeding shall be reported, or otherwise recorded, without the consent of the parties, except for any memorialization of a settlement.

The clerk shall send a copy of this order to Magistrate Judge Illman.

IT IS SO ORDERED.

Dated: September __18__, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE